# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL MCLAUGHLIN,<br><br>    Plaintiff,<br>vs.<br>EMBASSY SUITES MANAGEMENT, LLC, a Delaware Limited Liability Company; FELCOR/JPM HOTELS, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>    Defendants. | CASE NO. 14cv504-WQH-NLS<br><br>Order |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss the First Amended Complaint, filed by Defendants Embassy Suites Management, LLC ("Embassy Suites") and Felcor/JPM Hotels, LLC ("Felcor/JPM") (ECF No. 17), and the Motion for Leave to File Second Amended Complaint, filed by Plaintiff Earl McLaughlin (ECF No. 19).

**I.     Background**

On March 6, 2014, Plaintiff initiated this action by filing a Complaint against Felcor/JPM and Hilton Worldwide, Inc. ("Hilton"). (ECF No. 1). The Complaint alleged that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and other state laws related to a hotel reservation Plaintiff made on a website reservation system owned and operated by Hilton and Felcor/JPM.

On April 9, 2014, Plaintiff filed the First Amended Complaint, which is the operative pleading. (ECF No. 8). In the First Amended Complaint, Plaintiff again

1  named Felcor/JPM as a Defendant, and substituted Embassy Suites as a Defendant in
2  place of Hilton.  Otherwise, the allegations of the First Amended Complaint are the
3  same as those of the Complaint.

4  On June 12, 2014, Defendants filed the Motion to Dismiss.  (ECF No. 17).
5  Defendants contend that Plaintiff's ADA claim is moot for multiple reasons, including
6  that as of March 20, 2014, neither Defendant has an ownership or operational interest
7  in the hotel at issue, and the hotel reservation system at issue is operated by Hilton,
8  Embassy Suites' parent corporation.

9  On July 9, 2014, Plaintiff filed the Motion for Leave to File Second Amended
10 Complaint, accompanied by a proposed second amended complaint.  (ECF No. 19).
11 The proposed second amended complaint adds Hilton as a defendant.  Plaintiff states
12 that he seeks leave to add Hilton based upon Defendants' statement in the Motion to
13 Dismiss that Hilton operates the hotel reservation system at issue.

14 On July 28, 2014, Defendant filed an opposition to the Motion for Leave to File
15 Second Amended Complaint.  (ECF No. 21).  Defendant contends that the motion
16 should be denied because granting leave to amend would be futile.

17 **II.    Discussion**

18 Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given
19 when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be applied with
20 extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
21 Cir. 2003) (quotation omitted).  In determining whether to allow an amendment, a court
22 considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing
23 party," or "futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Not
24 all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice
25 to the opposing party that carries the greatest weight."  *Eminence Capital*, 316 F.3d at
26 1052 (citation omitted).  "The party opposing amendment bears the burden of showing
27 prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).
28 "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there

exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the Motion for Leave to File Second Amended Complaint, the proposed second amended complaint and the filings of the parties, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed second amended complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). Defendants' Motion to Dismiss, addressing the First Amended Complaint, will become moot once Plaintiff files the second amended complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

### III. Conclusion

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended Complaint is GRANTED. (ECF No. 19). Plaintiff shall file the proposed second amended complaint attached to the Motion for Leave to File Second Amended Complaint within ten days of the date this Order is filed. The Motion to Dismiss the First Amended Complaint is DENIED as moot. (ECF No. 17).

DATED: August 27, 2014

**WILLIAM Q. HAYES**
United States District Judge